[Cite as *In re G.D.S.*, 2025-Ohio-2297.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HENRY COUNTY

IN RE:

G.D.S.,

JUVENILE TRAFFIC OFFENDER.

CASE NO. 7-24-10

OPINION AND
JUDGMENT ENTRY

Appeal from Henry County Common Pleas Court
Juvenile Division
Trial Court No. 24 TR 00048

Judgment Affirmed

Date of Decision: June 30, 2025

APPEARANCES:

*Danny A. Hill* for Appellant

*Melody Wilhelm* for Appellee

**ZIMMERMAN, J.**

{¶1} Appellant, G.D.S., appeals the August 21, 2024 judgment entry of the Henry County Court of Common Pleas, Juvenile Division, finding him to be a juvenile traffic offender on the basis of G.D.S.'s violation of R.C. 4511.43(A), failure to yield. For the reasons set forth below, we affirm.

{¶2} On May 14, 2024, G.D.S., a 16-year-old driver, was cited with a failure-to-yield offense in violation of R.C. 4511.43(A), a minor misdemeanor if committed by an adult.

{¶3} The matter was heard by a magistrate on June 25, 2024. Thereafter, on July 3, 2024, the magistrate issued a decision setting forth his factual findings. Specifically, the magistrate found that G.D.S. was traveling southbound on County Road 19 "behind a semi-truck." (Doc. No. 6). When "the semi-truck came to the intersection of County Road 19 and US 6," the semi-truck "stopped at the stop sign," and G.D.S. stopped "behind the semi-truck." (*Id.*). However, "prior to the semi-truck clearing the intersection," G.D.S. "went through the intersection without allowing the semi-truck to clear the intersection." (*Id.*). Based on these factual findings, the magistrate determined that G.D.S. "stopped at the intersection but did not yield the right of way to a vehicle in the intersection and as a result violated the statute [R.C. 4511.43(A)]." (*Id.*).

-2-

{¶4} On July 17, 2024, G.D.S. timely filed his objections to the magistrate's decision. G.D.S. argued that he proceeded "safely through the intersection behind the semi" and that "there was no right of way for [G.D.S.] to yield to any other vehicle." (Doc. No. 7). Notably, G.D.S. did not file a transcript of the proceedings before the magistrate for the juvenile court's review.

{¶5} On August 21, 2024, the juvenile court found G.D.S.'s objections not well taken and adopted the magistrate's decision. The juvenile court noted G.D.S.'s failure to file a transcript within 30 days of filing his objections as required by Juv.R. 40(D)(3)(b)(iii). Without a transcript of all the evidence submitted to the magistrate, the juvenile court determined that it "can only rely on the Magistrate's Decision as filed. The Magistrate heard the case and found [G.D.S.] had violated ORC 4511.43(A)." (*Id.*).

{¶6} On August 23, 2024, G.D.S. filed a motion requesting that a transcript of the proceedings before the magistrate be prepared and that the juvenile court issue an order extending the time for filing the transcript. The juvenile court denied G.D.S.'s request.

{¶7} On September 19, 2024, G.D.S. filed his notice of appeal, raising a single assignment of error for our review. Included with the record on appeal is a transcript of the proceedings before the magistrate.

## Assignment of Error

**The Court erred in finding that G.D.S. violated R.C. 4511.43(A), by failing to yield the right of way, when there was no vehicle to which G.D.S. was required to yield the right of way.**

{¶8} In his sole assignment of error, G.D.S. argues that the juvenile court erred in determining that he violated R.C. 4511.43(A). Specifically, G.D.S. contends that R.C. 4511.43(A), when read in conjunction with R.C. 4511.01(UU)(1), does not require a driver to yield to a vehicle in front of the driver in an intersection. In support of his argument, G.D.S. cites to a transcript that was not provided to the juvenile court for its review.

### *Standard of Review*

{¶9} When a party has filed timely objections to a magistrate's finding but failed to provide a transcript for the trial court's review, our review is limited to whether "'the trial court's adoption of that finding constituted an abuse of discretion.'" *In re McClure*, 1995 WL 423391, *2 (3d Dist. July 19, 1995), quoting *Proctor v. Proctor*, 48 Ohio App.3d 55, 60 (3d Dist. 1988). An abuse of discretion suggests that the trial court's decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶10} Moreover, even though G.D.S. has provided this court with a transcript of the proceedings before the magistrate, we are precluded from considering it since the juvenile court did not have a transcript available for its review of G.D.S.'s objections. *McClure* at *2. *See also State v. Kepler*, 2024-Ohio-

-4-

2283, ¶ 11 (6th Dist.) (stating that "we are unable to consider the transcript of the hearing before the magistrate because [appellant] did not file the transcript with the trial court").

*Analysis*

**{¶11}** In this case, the juvenile court relied on the magistrate's factual findings to determine that G.D.S. violated R.C. 4511.43(A). In relevant part, R.C. 4511.43(A) provides as follows:

> [E]very driver of a vehicle . . . approaching a stop sign shall stop at a clearly marked stop line, but if none, . . . then at the point nearest the intersecting roadway where the driver has a view of approaching traffic on the intersecting roadway before entering it. *After having stopped, the driver shall yield the right-of-way to any vehicle in the intersection* or approaching on another roadway so closely as to constitute an immediate hazard during the time the driver is moving across or within the intersection or junction of roadways.

(Emphasis added.) Thus, R.C. 4511.43(A) requires that a driver must stop at a stop sign, then—after stopping—must yield the right of way to any vehicle in the intersection. The term "right-of-way" means "[t]he right of a vehicle . . . to proceed uninterruptedly in a lawful manner in the direction in which it . . . is moving in preference to another vehicle . . . approaching from a different direction into its . . . path." R.C. 4511.01(UU)(1).

**{¶12}** On appeal, G.D.S. argues that R.C. 4511.43(A) does not require a driver to yield the right of way to a vehicle *in front* of the driver in an intersection. According to G.D.S., R.C. 4511.01(UU)(1) limits the definition of "right-of-way"

to vehicles "approaching from a different direction." Since the semi-truck was "in front of G.D.S.'s vehicle" and not approaching from a different direction, G.D.S. contends that the juvenile court erred in relying on the magistrate's findings and determining that G.D.S. violated R.C. 4511.43(A). (Appellant's Brief at 3).

{¶13} As previously stated, we are unable to consider the transcript submitted with the record on appeal because G.D.S. failed to provide a transcript for the juvenile court's review. "When the objecting party does not give the trial court a transcript, the appellate court cannot consider the transcript." *Kepler*, 2024-Ohio-2283, at ¶ 11 (6th Dist.). Therefore, our review in this matter is limited to determining whether the juvenile court abused its discretion in applying the law to the facts. *See State ex rel. Duncan v. Chippewa Twp. Trustees*, 73 Ohio St.3d 728, 730 (1995).

{¶14} Here, there is limited information about G.D.S.'s driving and the surrounding circumstances that is properly before us. Although G.D.S cites to several facts that he believes the magistrate improperly considered, nearly all of that information comes from the transcript, which we cannot consider. *Kepler* at ¶ 11.

{¶15} From the magistrate's decision we know that (1) G.D.S. was traveling southbound on County Road 19 behind a semi-truck; (2) the semi-truck "stopped at the stop sign at [the] intersection" of County Road 19 and US 6, and G.D.S. stopped behind the semi-truck; and (3) "prior to the semi-truck clearing the intersection," G.D.S. "went through the intersection without allowing the semi-truck to clear the

intersection." (Doc. No. 6). Moreover, in the absence of a transcript, the juvenile court relied on the magistrate's factual findings and determined that G.D.S. violated R.C. 4511.43(A).

{¶16} Nonetheless, G.D.S. contends that he only had the duty to yield the right of way to vehicles approaching from another direction. We do not agree. In relevant part, R.C. 4511.43(A) mandates that "[a]fter having stopped, the driver shall yield the right-of-way to *any vehicle in the intersection.*" (Emphasis added.) Thus, under R.C. 4511.43(A), G.D.S. had a duty to yield to the semi-truck *in the intersection* because the semi-truck had the right of way to proceed through the intersection.

{¶17} Based on the foregoing, we conclude that the juvenile court did not abuse its discretion by adopting the magistrate's decision. In ruling on G.D.S.'s objections, the juvenile court properly relied on the magistrate's factual findings in the absence of a transcript for review.

{¶18} G.D.S.'s sole assignment of error is overruled.

{¶19} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**MILLER and WILLAMOWSKI, J.J., concur.**

**/hls**

# <u>JUDGMENT ENTRY</u>

For the reasons stated in the opinion of this Court, the assignment of error is overruled and it is the judgment and order of this Court that the judgment of the trial court is affirmed with costs assessed to Appellant for which judgment is hereby rendered. The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket. See App.R. 30.

_____
William R. Zimmerman, Judge


_____
Mark C. Miller, Judge


_____
John R. Willamowski, Judge

DATED:
/hls